**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 2 8 2009

JAMES N. HATTEN, Clerk
By:  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LASI-K, LLC, & LASISI, JIMOH<br><br>Plaintiffs,<br><br>vs.<br><br>DES FRANCHISE, INC., d/b/a/ DES STAFFING SERVICES,<br><br>Defendant. | Case No.<br><br>**1:09-CV-2370-JEC** |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR ALTERNATIVELY STAY OR DISMISS PLAINTIFFS' COMPLAINT IN ITS ENTIRETY**

COMES NOW Defendant, DES Franchise, Inc. d/b/a DES Staffing Services (incorrectly identified as a d/b/a by Plaintiffs) and respectfully moves the Court to issue an Order granting Defendant's Motion to Compel Arbitration and Dismiss under Fed. R. Civ. Pro. 12(b)(1) or Alternatively Stay or Dismiss Plaintiffs' Complaint in its entirety pursuant to the Abstention Doctrine. In support thereof, Defendant states as follows:

1. The parties in this case agreed to arbitrate. They signed a Franchise Agreement with an arbitration provision on December 13, 2007. *See* Franchise

1

Agreement attached herein as Exhibit A at § 17 "Dispute Resolution and Jury Waiver."

2.  Under the Federal Arbitration Act, where the parties have agreed to resolve disputes through arbitration and one party moves for arbitration, the district court must compel arbitration for claims covered by the arbitration provision. *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851 (11th Cir. 1992) (holding that, on the other hand, where the party seeking to avoid arbitration never signed a contract requiring arbitration, the district court must first determine the *existence* of the agreement to arbitrate).

3.  There is no dispute that both parties signed the Franchise Agreement containing the arbitration provision. The present dispute between the parties falls within the scope of the broad arbitration provision in the Franchise Agreement. The scope of the Arbitration Agreement includes "all controversies, disputes, or claims between Franchisor, its shareholders, officers, directors, agents, and employees, and Franchisee arising out of or related to . . . This Agreement or any other Agreement between Franchisor and Franchisee or any provision of any of these agreements; . . . The Franchisor-Franchisee relationship . . . The **validity** of this Agreement or any other agreement between Franchisor and Franchisee or any provisions of any of those agreements." *See* Exhibit A at §17. Because DES has

demanded arbitration under the Franchise Agreement signed by the parties, this matter should be dismissed and ordered to arbitration.

4. Upon granting Defendant's motion to compel arbitration, the Court should dismiss the lawsuit for lack of subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1). The Federal Arbitration Act provides that a district court shall stay a suit "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration" under a valid arbitration agreement. *See Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir.2004) (quoting 9 U.S.C. §3).

5. Alternatively, if the Court denies DES' motion to compel arbitration, the present action should be stayed or dismissed pursuant to the Abstention Doctrine. A prior pending court action is pending between the same parties concerning the Franchise Agreement in Iowa state court. Accordingly, this Court should abstain from exercising jurisdiction over this suit pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Rather than bringing suit in Georgia, Lasi-K, LLC, was required to raise its claims as compulsory counterclaims in the Iowa Case.

WHEREFORE, Defendant DES Franchise, Inc. respectfully requests that the Court order that the Plaintiff and Defendant submit all claims to arbitration in the

City of Des Moines, Iowa, pursuant to the Franchise Agreement, or alternatively, that the Court stay or dismiss this lawsuit in its entirety.

Respectfully submitted this 28th day of August, 2009.

Kenneth B. Hodges III
Georgia Bar No. 359155
E-mail: hodges@baudino.com
Denise Cleveland-Leggett
Georgia Bar No. 445397
E-mail: leggett@baudino.com
Amy J. McCullough
Georgia Bar No. 278073
E-mail: mccullough@baudino.com

BAUDINO LAW GROUP, PLC
400 Colony Square, Suite 2020
1201 Peachtree Street NE
Atlanta, GA 30361
Telephone: (404) 685-8199
Facsimile: (404) 685-8286
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that, prior to filing, I have this 28th day of August, 2009 filed and served a copy of the foregoing on counsel for all parties by placing a copy of same in the United States mail on August 28, 2009, proper postage prepaid, addressed to counsel as follows:

> Jimoh Lasisi
> Lasi-K, LLC
> c/o Dr. Jimoh Lasisi Dental Office
> Shop 32 Red Hills Mall Plaza
> Kingston 19
> Jamaica

Kenneth B. Hodges III
Georgia Bar No. 359155
E-mail: hodges@baudino.com